IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LUTRON ELECTRONICS CO., INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONTROL4 CORPORATION<br><br>Defendant. | SCHEDULING ORDER AND ORDER VACATING HEARING<br><br>Case No. 2:06cv00401DAK<br><br>Judge Dale A. Kimball |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge received the Attorneys' Planning Report filed by counsel.  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

**IT IS ORDERED** that the Initial Pretrial Hearing set for *<u>October 11, 2006, 1:30 p.m. is VACATED.</u>*

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| 1. | | PRELIMINARY MATTERS | DATE |
|---|---|---|---|
| | a. | Was Rule 26(f)(1) Conference held? | *07/21/06* |
| | b. | Has Attorney Planning Meeting Form been submitted? | *07/31/06* |
| | c. | Was 26(a)(1) initial disclosure completed? | *08/04/06* |

| | | | |
|---|---|---|---|
| **2.** | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | *90 hours* |
| | b. | Maximum Number of Depositions by Defendant(s) | *90 hours* |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | *7 hours* |
| | d. | Maximum Interrogatories by any Party to any Party | *25* |
| | e. | Maximum requests for admissions by any Party to any Party | *150* |
| | f. | Maximum requests for production by any Party to any Party | *No limit* |
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last Day to Amend Pleadings, without a motion for leave to amend | *10/27/06* |
| | b. | Last Day to File Motion to Add Parties | *10/27/06* |
| **4.** | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| | a. | Party with burden of proof | 15 Days after claim construction ruling, but not later than **April 27, 2007**. Party with the burden of proof shall designate Expert Witnesses (other than damages) and submit opening Expert witness reports. |

| | | |
|---|---|---|
| b. | Party not having burden of proof | 45 Days after claim construction ruling, but not later than **May 25, 2007**. Party without burden of proof shall designate rebuttal Expert Witnesses (other than damages) and submit rebuttal Expert witness reports. |
| c. | Plaintiff Damage Expert Reports/Designation | 30 Days after claim construction ruling, but not later than **May 11, 2007**. Plaintiff shall designate Expert Witness for damages and submit Expert witness report regarding damages. |
| d. | Defendant Damage Expert Reports/Designations | 60 Days after claim construction ruling, but not later than **June 8, 2007**. Defendant shall designate Rebuttal Expert Witness for damages and submit Rebuttal Expert witness report regarding damages. |

**5.      OTHER DEADLINES**                                                                                      **DATE**

a.    Discovery to be completed by:

Fact discovery                                                                                                    <u>04/30/07</u>

|   |   |   |   |   |
|---|---|---|---|---|
|   | Expert discovery |   |   | 80 Days after claim construction ruling, but not later than **June 28, 2007**. All discovery of experts shall be completed. |
| b. | Deadline for filing dispositive or potentially dispositive motions |   |   | *06/01/07* |
| **6.** | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** |   |   | **DATE** |
| a. | Referral to Court-Annexed Mediation: |   | *No* |   |
| b. | Referral to Court-Annexed Arbitration |   | *No* |   |
| c. | Evaluate case for Settlement/ADR on |   |   | *06/01/07* |
| d. | Settlement probability: |   |   | *Poor* |
| **7.** | **TRIAL AND PREPARATION FOR TRIAL** |   | **TIME** | **DATE** |
| a. | Rule 26(a)(3) Pretrial Disclosures[2] |   |   |   |
|   | Plaintiff |   |   | *8/31/07* |
|   | Defendant |   |   | *9/14/07* |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) |   |   |   |
| c. | Special Attorney Conference[3] on or before |   |   | *9/28/07* |
| d. | Settlement Conference[4] on or before |   |   | *10/12/07* |
| e. | Final Pretrial Conference |   | 2:30 p.m. | *10/26/07* |
| f. | Trial | **Length** |   |   |
|   | i. Jury Trial | *10 days* | 8:30 a.m. | *11/5/07* |

**8.**     **OTHER MATTERS**

a.  Where practicable, the parties will produce documents electronically or via CD to avoid unnecessary expense and effort.  All documents produced electronically shall have each page individually bates numbered.  Where possible, originals will be made available for inspection upon request.

b.  All deposition exhibits will be numbered sequentially, regardless of the identity of the deponent or the side introducing the exhibit.  The same numbers will be used in pretrial motions and at trial.

c.  August 30, 2006.  Deadline for parties to submit an agreed protective order to the Court, or if the scope of the protective order is in dispute, the parties shall submit simultaneous briefs regarding any such dispute.

d.  September 12, 2006.  Plaintiff shall serve on Defendant its Asserted Claims and Preliminary Infringement Contentions.

e.  October 27, 2006.  Defendant shall serve on Plaintiff its Preliminary Invalidity Contentions.

f.  November 3, 2006.  The Parties shall simultaneously exchange a list of claim terms, phrases, and clauses which that party contends should be construed by the Court.

g.  November 17, 2006, the Parties shall simultaneously exchange their proposed construction of each claim term, phrase, or clause identified by either party, along with any intrinsic and/or extrinsic support for such construction.

h.  December 8, 2006, the Parties shall submit to the Court a Joint Claim Construction Statement setting forth the Parties' agreed upon and contested claim terms, phrases, and clauses.

i. December 20, 2006, the Parties shall simultaneously file briefs in support of their respective claim construction.

j. January 26, 2006, the Parties shall simultaneously file any responsive brief in opposition to the other party's claim construction.

k. The parties request a *Markman* hearing on claim construction issues as soon as practicable after the submission of the claim construction responsive briefs.

l. 15 days after claim construction ruling, but not later than February 16, 2007. Defendant shall elect whether to rely on an opinion of counsel as part of its defense to a claim of willful infringement and shall, if Defendant elects to rely on such opinion: (1) Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived, and (2) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

Dated this 16th date of August, 2006.

BY THE COURT:

_____
David  Nuffer
U.S. Magistrate Judge

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[3] The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[4] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.