Brent O. Hatch (5715)

Kevin W. Bates (4793)

HATCH, JAMES & DODGE, P.C.

10 West Broadway, Suite 400

Salt Lake City, Utah 84101

Telephone:     (801) 363-6363

Facsimile:     (801) 363-6666

bhatch@hjdlaw.com

kbates@hjdlaw.com


VINSON & ELKINS L.L.P.

William D. Sims, Jr. (pro hac vice)

Scott W. Breedlove (pro hac vice)

   2001 Ross Avenue, Suite 3700

   Dallas, Texas 75201-2975

John D. Taurman (pro hac vice)

   1455 Pennsylvania Ave., NW, Suite 600

   Washington, D.C. 20014-1008

bsims@velaw.com

jtaurman@velaw.com

sbreedlove@velaw.com

*Attorneys for Lutron Electronics Co., Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| LUTRON ELECTRONICS CO., INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONTROL4 CORPORATION<br><br>Defendant. | ORDER GRANTING JOINT STIPULATION TO LIFT STAY AND AMEND SCHEDULING ORDER<br><br>Case No. 2:06cv00401DAK<br><br>Judge Dale A. Kimball |

Plaintiff Lutron Electronics Co., Inc. ("Plaintiff") and Defendant Control4 Corporation ("Defendant") (collectively the "Parties") hereby notify the Court that the investigation by the International Trade Commission has concluded, and therefore, the Stay entered into by this Court pursuant to this Court's March 28, 2007 Order Granting Control4's Unopposed Motion to Stay (Docket No. 58) shall be lifted. To provide for an orderly and efficient resumption of this case that allows the parties to present additional products and claims, the Parties also stipulate to amend the Court's August 17, 2006, Scheduling Order (Docket No. 24) as follows:

| 1. | PRELIMINARY MATTERS | | DATE |
|---|---|---|---|
| | a. | Was Rule 26(f)(1) Conference held? | *07/21/06* |
| | b. | Has Attorney Planning Meeting Form been submitted? | *07/31/06* |
| | c. | Was 26(a)(1) initial disclosure completed? | *08/04/06* |

| 2. | DISCOVERY LIMITATIONS | | NUMBER |
|---|---|---|---|
| | a. | Maximum Number of Depositions by Plaintiff(s) | *90 hours* |
| | b. | Maximum Number of Depositions by Defendant(s) | *90 hours* |

2

|     |    |                                                                                                                                                                                                                                                                  |                                                                                                                                                                                       |
|-----|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------|
|     | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties)                                                                                                                                                                            | *7 hours*                                                                                                                              |
|     | d. | Maximum Interrogatories by any Party to any Party                                                                                                                                                                                                                | *25*                                                                                                                                   |
|     | e. | Maximum requests for admissions by any Party to any Party                                                                                                                                                                                                        | *150*                                                                                                                                  |
|     | f. | Maximum requests for production by any Party to any Party                                                                                                                                                                                                        | *No limit*                                                                                                                             |
| 3.  |    | **AMENDMENT OF PLEADINGS/ADDING PARTIES**                                                                                                                                                                                                                        | **DATE**                                                                                                                               |
|     | a. | Last Day to Amend Pleadings, without a motion for leave to amend  (If Plaintiff seeks to amend to add any patents other than the previously-asserted '442, '103, and '965 patents, the parties shall meet and confer regarding modifications to this schedule.) | *03/7/08*                                                                                                                              |
|     | b. | Last Day to File  Motion to Add Parties                                                                                                                                                                                                                          | *03/7/08*                                                                                                                              |

[1]

| 4. |    | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
|----|----|----------------------------------------|----------|
|    | a. | Party with burden of proof              | Not later than June **27, 2008**.  Party with the burden of proof shall designate Expert Witnesses (other than damages) and submit opening Expert witness reports. |
|    | b. | Party not having burden of proof        | Not later than July **25, 2008**.  Party without burden of proof shall designate rebuttal Expert |

3

| | | |
|---|---|---|
| | | Witnesses (other than damages) and submit rebuttal Expert witness reports. |
| c. | Plaintiff Damage Expert Reports/Designation | Not later than June **27, 2008**. Plaintiff shall designate Expert Witness for damages and submit Expert witness report regarding damages. |
| d. | Defendant Damage Expert Reports/Designations | Not later than July **25, 2008**. Defendant shall designate Rebuttal Expert Witness for damages and submit Rebuttal Expert witness report regarding damages. |

| 5. | **OTHER DEADLINES** | | **DATE** |
|---|---|---|---|
| a. | Discovery to be completed by: | | |
| | Fact discovery | | *06/27/08* |
| | Expert discovery | | *08/15/08* All discovery of experts shall be completed by this date. |
| b. | Deadline for filing dispositive or potentially dispositive motions | | *08/15/08* |

| 6. | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
|---|---|---|---|
| a. | Referral to Court-Annexed Mediation: | *No* | |
| b. | Referral to Court-Annexed Arbitration | *No* | |

4

    c.    Evaluate case for Settlement/ADR on                      *09/01/08*

    d.    Settlement probability:                                   *Unlikely*

**7.   TRIAL AND PREPARATION FOR TRIAL**          **TIME**          **DATE**

    a.    Rule 26(a)(3) Pretrial Disclosures                   30 days before trial

    b.    Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule)        *14 days after Rule 26(a)(3) disclosures*

    c.    Special Attorney Conference on or before

    d.    Settlement Conference on or before

    e.    Final Pretrial Conference                            2:30 p.m.      *11/24/08*

    f.    Trial                        **Length**

          i. Jury Trial               *10 days*      8:30 a.m.      *12/08/08*

2

**8.   OTHER MATTERS**

    a.    Plaintiff served on Defendant its Asserted Claims and Preliminary Infringement Contentions on September 12, 2006.

Plaintiff also served Supplemental Infringement Contentions on March 20, 2007, including new claims.  The case was stayed in view of the ITC proceedings before the Defendant responded to the new claims, or served invalidity contentions regarding the new claims identified in the Supplemental Infringement Contentions served on March 20, 2007.

Plaintiff will serve on Defendant its Asserted Claims and Preliminary Infringement Contentions, including but not limited to any infringement contentions related to new claims in the '442, '103, and '965 patents and/or accused products no later than on March 10, 2008.

Defendant will serve invalidity contentions no later than March 31, 2008.

b.  The Parties simultaneously exchanged a list of claim terms, phrases, and clauses which the party contends should be construed by the Court on November 3, 2006.

    In view of the ITC proceedings, the additional products designed by the Defendant, and the additional claims asserted by Plaintiff following the previous exchange of claim terms, the Parties shall simultaneously exchange a list of claim terms, phrases, and clauses which the party contends should be construed by the Court relating to the new claims on March 14, 2008.

c.  The Parties simultaneously exchanged their proposed construction of each claim term, phrase, or clause identified by either party, along with any intrinsic and/or extrinsic support for such construction on November 17, 2006.

    In view of the ITC proceedings, the additional products designed by the Defendant, and the additional claims asserted by Plaintiff following the previous exchange of claim terms, the Parties shall simultaneously exchange their proposed construction of each claim term, phrase, or clause identified by either party, along with any intrinsic and/or extrinsic support for such construction relating to the new claims on March 28, 2008.

d.  The Parties submitted to the Court a Joint Claim Construction Statement setting forth the Parties' agreed upon and contested claim terms, phrases, and clauses on December 8, 2006.

    In view of the ITC proceedings, the additional products designed by the Defendant, and the additional claims asserted by Plaintiff following the previous exchange of claim terms, the Parties shall submit to the Court a Joint Claim Construction Statement setting forth the Parties' agreed upon and contested claim terms, phrases, and clauses relating to the new claims on March 31, 2008.

e.  The Parties simultaneously filed briefs in support of their respective claim construction on December 20, 2006.

    In view of the ITC proceedings, the additional products designed by the Defendant, and the additional claims asserted by Plaintiff following the previous exchange of claim terms, the Parties shall simultaneously file briefs in support of their respective claim construction relating to the new claims on April 14, 2008.

f. The Parties simultaneously filed any responsive brief in opposition to the other party's claim construction January 26, 2006.

In view of the ITC proceedings, the additional products designed by the Defendant, and the additional claims asserted by Plaintiff following the previous exchange of claim terms, the Parties shall simultaneously file any responsive brief in opposition to the other party's claim construction relating to the new claims May 19, 2008.

g. The Parties request a *Markman* hearing on claim construction issues related to all claims as soon as practicable after June 2, 2008.

h. On February 28, 2007, prior to the Federal Circuit's *en banc* decision in *In re Seagate,* Defendant elected to disclose an opinion of counsel as to the validity of the '442 patent. To the extent that Plaintiff asserts any new claims of infringement or asserts infringement against products not accused as of February 28, 2007, the Defendant shall have until and including April 15, 2008, to disclose any further opinions of counsel. To the extent that, in view of *In re Seagate,* Defendant elects to forego any reliance on the opinion of counsel previously disclosed regarding the '442 patent, the Defendant shall have until April 15, 2008, to make that election, and in that event, discovery into the opinion shall not be permitted.

i. The parties shall supplement responses to interrogatories and requests for production of documents by March 28, 2008. Fact witness depositions may recommence following such supplementation, and shall be stayed until then. Written discovery may recommence as soon as the Court enters its order lifting the stay.

[34]Dated this 29th date of February, 2008.

BY THE COURT:

_____
Honorable Dale A. Kimball
U.S. District Court Judge

SO STIPULATED:

7

   /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Kevin W. Bates

VINSON & ELKINS, L.L.P.
William D. Sims, Jr.
John D. Taurman
Scott W. Breedlove

*Attorneys for Lutron Electronics Co., Inc.*


   /s/ Timothy S. Teter (with permission)
WORKMAN NYDEGGER
Thomas R. Vuksinick

THE HECKER GROUP
Gary Hecker

COOLEY GODWARD, LLP
Michael Rhodes
Timothy S. Teter

*Attorneys for Control4 Corporation*

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[3] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[4] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.